# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

IRA SIMMS, RESPONDENT, v. DARWIN WALLACE, APPELLANT.

*Action to recover upon a specific agreement : defense that another agreement, specified in the answer, was the one made — a recovery cannot be had upon an agreement not alleged in the pleadings of either party, and in conflict with the allegations contained in each.*

APPEAL from a judgment entered in Steuben county on the report of a referee.

The action was brought to recover for work, labor and services performed. The principal question relates to the claim of the plaintiff that the work referred to was done in pursuance of an agreement that if the plaintiff should take possession of and occupy defendant's farm and perform certain work thereon, consisting in drawing and spreading several stacks and heaps of straw and manure on such places and fields of said farm as the defendant should direct ; and if plaintiff did not remain in possession of and occupy said farm for the term of two years from the time of making said agreement, the defendant would pay the plaintiff for doing such work. That the plaintiff did such work and remained in possession of the farm for one year only, the defendant having requested him to remove. The answer denied the agreement set out in the complaint, and alleged that the plaintiff agreed to work defendant's farm on shares, subject to defendant's direction as to the work and the kind of crops to be put in the different fields ; and, as a part of said work, he drew out straw and old straw stacks onto a certain field of about ten acres south of the house ; and that it was agreed between the parties that if there was more straw and manure than was needed on said field, plaintiff was to draw the balance onto a field for potatoes, east of the house ; and if he did not stay two years, defendant was to pay him what it was worth for drawing said straw and manure on said

potato field only. That plaintiff drew straw and manure onto the ten-acre field, which was sowed to wheat, and plowed it under, and had his share in the wheat growing thereon, and did not draw straw or manure onto the potato field.

The referee found that the plaintiff agreed to work defendant's farm on shares, plaintiff to have one-third and defendant two-thirds; and that the plaintiff understood that if he should draw out said straw and manure, and properly spread it on certain fields of said farm and plough it under, defendant would pay him a reasonable compensation therefor in case he did not remain on the farm a second year; that as to that part of the agreement the minds of the parties did not meet. The defendant understood that the plaintiff was to receive no compensation unless the straw was spread out upon the fields not cropped by plaintiff, but as to the remainder there was no misunderstanding. He also found that the plaintiff did draw out said straw and manure and spread it, under the direction of the defendant, and plough it under; and that the value of his services in so doing was fifty-one dollars and twenty-five cents, which sum was allowed to the plaintiff in the report of the referee, and the judgment entered thereon.

The court at General Term said: " In that, we think the referee erred. Under the pleadings there is no basis for a recovery by the plaintiff in respect to the work referred to, except upon the agreement alleged in the complaint. Both parties aver in their verified pleadings that there was an agreement on that subject, each setting out its terms and differing in respect to them. Their difference as to the terms of the agreement was the issue which the referee was appointed to try and determine. That he has not done; but instead of doing it he has decided another question not in the case, to wit, whether there was an agreement in regard to the work, and that question he has decided contrary to the express averment of each party in his pleading. The finding is also contrary to the proof, each party having testified that there was an agreement, while their testimony was conflicting as to its terms. The General Term, in the seventh judicial district, reversed a judgment for a like error in *Hammond* v. *McBurney*, not reported. (See vol. 1, cases in Sup. Ct., March term, 1869.) Furthermore, if the referee is right in finding that the minds of the parties did not meet in respect to the

drawing out and spreading of the straw and manure, there is no basis upon which the plaintiff can recover for such services as the referee has not found that they were rendered at the defendant's request."

*J. H. & C. W. Stevens*, for the appellant.

*James H. Clancy*, for the respondent.

Opinion by Smith, P. J., Barker and Bradley, J. J., concurred; Haight, J., not sitting.

Judgment reversed, new trial ordered, costs to abide event.